UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) FABIO QUIJANO and<br>(2) JAIRO AGUDELO,<br><br>Defendants | Criminal No. 20cr10025<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Counts Two and Three: Money Laundering<br>(18 U.S.C. § 1956(a)(1))<br><br>Count Four: Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine<br>(21 U.S.C. § 846)<br><br>Count Five: Possession with Intent to Distribute 500 Grams or More of Cocaine<br>(21 U.S.C. §841(a)(1) and (b)(1)(B)(ii))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From in or about June 2018 through in or about February 2019, in Saugus, East Boston, Everett, Winthrop, in the District of Massachusetts, and elsewhere, the defendants,

(1) FABIO QUIJANO and
(2) JAIRO AGUDELO,

conspired with each other and with others known and unknown to the Grand Jury to:

1

(a) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of bulk United States currency, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, cocaine trafficking conspiracy, in violation of Title 21, United States Code, Section 846, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of bulk United States currency, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, cocaine trafficking conspiracy, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
## Money Laundering
## (18 U.S.C. § 1956(a)(1))

The Grand Jury further charges:

On or about June 26, 2018, in Saugus, in the District of Massachusetts, and elsewhere, the defendant,

(1) FABIO QUIJANO,

did conduct and attempt to conduct a financial transaction, to wit, delivery and transfer of bulk United States currency in the amount of approximately $135,180, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, cocaine trafficking conspiracy, in violation of Title 21, United States Code, Section 846,

    (a) knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    (b) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(a)(1).

## COUNT THREE
## Money Laundering
## (18 U.S.C. § 1956(a)(1))

The Grand Jury further charges:

On or about February 19, 2019, in East Boston and Revere, in the District of Massachusetts, and elsewhere, the defendants,

(1) FABIO QUIJANO and
(2) JAIRO AGUDELO,

did conduct and attempt to conduct a financial transaction, to wit, delivery and transfer of bulk United States currency in the approximate amount of $200,000, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, cocaine trafficking conspiracy, in violation of Title 21, United States Code, Section 846,

(a) knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(a)(1).

## COUNT FOUR
Conspiracy to Distribute and to Possess with Intent to Distribute
Five Kilograms or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury further charges:

From in or about June 2018 through in or about February 2019, in Everett, in the District of Massachusetts, the Republic of Colombia, and elsewhere, the defendant,

(1) FABIO QUIJANO,

conspired with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Four involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to this Count.

It is further alleged that, with respect to Count Four, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) FABIO QUIJANO. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to defendant (1) FABIO QUIJANO.

All in violation of Title 21, United States Code, Section 846.

## COUNT FIVE
### Possession with Intent to Distribute
### 500 Grams or More of Cocaine
### (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii))

The Grand Jury further charges:

On or about February 20, 2019, in Everett, in the District of Massachusetts, the defendant,

(1) FABIO QUIJANO,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956, set forth in Counts One, Two, and Three of this Indictment, the defendants,

(1) FABIO QUIJANO and
(2) JAIRO AGUDELO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts Four and Five of this Indictment, the defendant,

(1) FABIO QUIJANO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following asset:

    a. The real property located at 3786 Hitchcock Way, Apt 326, Myrtle Beach, South Carolina, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded in Book 4176 Page 2272 in the Horry County Register of Deeds (the "Real Property").

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
LAUREN A. GRABER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 29, 2020
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

1·29·2020 @ 1:15 PM